## Elihu Adams *vs.* County of Hampden.

The fee of " twenty cents for each and every prisoner committed or discharged," to which a jailer is entitled under *St.* 1836, *c.* 277, is not to be included in the allowance to the jailer of " a reasonable sum for his services, and for the support of the prisoners under his charge, and other necessary expenses," to be made by the county commissioners, subject to the revision of the court of common pleas, under *St.* 1846, *c.* 11, § 3.

The remedy of a jailer for the support of infant children of prisoners is against the town in which the prison is situated, and not by application to the county commissioners for an allowance under *St.* 1846, *c.* 11, § 1.

The keeping of a prison book, as required by *St.* 1848, *c.* 276, § 2, is not a condition precedent to an allowance by the county commissioners of additional compensation beyond the sum fixed by § 1 as the price of board.

The amount of additional compensation to be allowed to a jailer, beyond the price of board of prisoners, under *St.* 1848, *c.* 276, § 1, upon an appeal from the county commissioners to the court of common pleas, under *St.* 1846, *c.* 11, § 1, is within the discretion of that court, and not subject to revision on exceptions.

Hoar, J. This was an appeal to the court of common pleas from the decision of the county commissioners of Hampden County, disallowing certain claims made by the petitioner, as jailer for said county, under the *St.* of 1846, *c.* 11, § 3. Both parties have filed exceptions.

1. The first exception of the petitioner is to the refusal of the court to allow certain fees charged by him, " of twenty cents for each and every prisoner committed or discharged," by virtue of the provisions of the *St.* of 1836, *c.* 277.

Without determining the correctness of the principle upon which the court proceeded, we are of opinion that this exception cannot be sustained, because we do not think these fees are included within "the reasonable sum for the services of the keeper of the prison, and for the support of prisoners under his charge, and other necessary expenses," of which an allowance is to be made by the county commissioners, subject to the revision of the court of common pleas, under the *St.* of 1846, *c.* 11. They are specific fees, expressly fixed and prescribed by law, for a specific service, relating to the detention and custody of prisoners. Whenever the jailer is entitled to them at all, he has an absolute legal right to the precise sum fixed by the statute, as perfect as the right of the officer to his fees for the service of a precept; and they are to be taxed and paid from the public treasury, without being subject to the allowance or estimate of the county commissioners, who have no control or jurisdiction over them whatever.

2. The second exception of the petitioner is to the disallowance of his charges for the support of infant children of prisoners committed by justices of the peace and police courts. These infants were not prisoners, and the provisions of law respecting the support of prisoners do not apply to them. If they were of such age, and came to the prison under such circumstances, that it was proper for the jailer to admit them, his remedy for the expenses of their maintenance is against the town in which the prison is situated. This was settled in the case of *Watson* v. *Cambridge*, 18 Pick. 470; and there has been no statute since that case was decided, which alters the law on this point, unless it be the *St.* of 1858, *c.* 57; and the exceptions find that the case does not come under the provisions of that act. This exception must therefore be overruled.

3. The first exception of the respondents is, that the court of common pleas allowed the petitioner a larger sum for the support of prisoners than had been allowed by the county commissioners, although he had not kept and exhibited to them the prison book required by *St.* 1848, *c.* 276, § 2. The statute requiring him to keep such book is, as we think, directory

merely.  His compensation is not expressly, or by implication, made to depend upon it.  A failure to keep and exhibit it would undoubtedly be found an obstacle in the way of establishing a claim to additional compensation, beyond the sum fixed by the first section of the statute as the price of board ; but it is no legal bar to such a claim, if sustained by other satisfactory evidence.

4. The court of common pleas allowed certain charges " for the support of prisoners and other necessary expenses," without proof that the price of $1.75 a week for the board of prisoners was not an adequate compensation.  We are of opinion that the decision of the court of common pleas upon this subject is final, and not subject to revision upon exceptions.  By the *Sts.* of 1846, *c.* 11, § 3, and 1848, *c.* 276, § 1, the whole matter of the support of prisoners, and the expenses incident to their custody, with the exception of the minimum price of board established by the latter statute, is made subject to the discretion of the county commissioners in the first instance, with the right reserved to the jailer to apply to the court of common pleas, if dissatisfied with the allowance which is made to him. When the matter is thus brought before the court of common pleas, the whole question of his compensation is within their discretion.  The court acts as an auditing board, and whether the additional compensation claimed by the jailer is for the board of prisoners, or for other services or expenses, it is to be allowed or disallowed by the court upon such reasons as seem to them satisfactory and reasonable.  It is not a question of contract or of private right, upon which the court act judicially. The jailer is not obliged to hold the office, if he is not satisfied with the tribunal appointed by law to fix his compensation.  The legislature has thought that the interests of the public might be safely entrusted to the court of common pleas; and no authority is given to this court to interfere with the exercise of their discretion.  Whatever that court may think should be reasonably and properly included in the term " board," what price should be allowed for it, and what items of charge should be treated as services or expenses entitled to additional compensation, the

are to determine. These are not questions of law, but of fact, to be decided according to the circumstances of the case.

It was upon a like principle, that it was held in *Weymouth, petitioners,* 2 Cush. 335, that no exception would lie to the decision of the court of common pleas upon the petition of a town for the approval of by-laws; and in *Richardson* v. *Curtis,* 2 Gray, 497, upon the allowance of compensation to the person who presided at a trial before a sheriff's jury.

5. The court allowed certain "key fees" which had been disallowed by the commissioners, and which were fees of the same description as those mentioned in the first exception taken by the petitioner. Without intending to intimate that the court were mistaken in the opinion that the jailer was entitled to those fees, we think, for the reasons before stated, that the question was not properly before them.

The case is therefore to be remitted to the superior court, to enter the proper order upon the petition.

*G. Ashmun,* for the petitioner.

*E. B. Gillett & C. A. Winchester,* for the respondents.